**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ ___3AP-LMM___ Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: Bonnie Ann Lackey         JOINT DEBTOR: _____   CASE NO.: 13-40297-EPK
Last Four Digits of SS# xxx-xx-9117    Last Four Digits of SS# _____

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of __36__ months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

A.  $ __902.06__ for months __1__ to __35__ ;
B.  $ __901.87__ for months __36__ to __36__ in order to pay the following creditors:

Administrative: Attorney's Fee: $ 3,150.00 ($3,000 base fee + costs $150)
  LMM Fee:   $ 1,065.00 ($1,000 + $65 costs) TOTAL Fee: $4,215.00
  TOTAL PAID  $ 2,215.00
  Balance Due  $ 2,000.00   payable $ 100.00 /month (Months 1 to 20 )

Secured Creditors: [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. Wachovia Mortgage, FSB           Arrearage on Petition Date $ ___N/A___
     f/k/a World Savings Bank           Arrears Payment   $ ___N/A___ /month (Months _____ to _____)
Address: Bankruptcy Dept. T7419-015   Total due on Petition Date $
    P.O. Box 659558                        LMM payments  $ __614.70__ /month (Months __1__ to __36__)
    San Antonio, TX 78265-9558
Account No: xxxxx9150

2. Ascot Capital, LLC-3              Total Due  $ 1,561.32 ($1,555.49 @ 0.25% interest)
   P.O. Box 645040                   Payable  $ __43.37__ /month (Months __1__ to __36__)
   Cincinnati, Ohio 45264
Certificate #XXXXX-6988

3. Anne M. Gannon, Constitutional Tax Collector   Total Due $ 2,231.11 ($1,448.77 @ 18% interest)
    Serving Palm Beach County           Payable $ __61.98__ /month (Months __1__ to __35__)
    Attn: Legal Services                 Payable $ __61.81__ /month (Months __36__ to __36__)
    P.O. Box 3715
    West Palm Beach, FL 33402-3715
Account #XXXXXX- 0340

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
| The Courts at Boynton Place, Sub-Assoc., Inc. 123 N. Congress Ave #343 Boynton Beach, FL 33426 Acct: XXX9551 | Real Property located at 5540 Boynton Place, Boynton Beach, FL 33437 PCN 00-42-45-26-27-000-0340 $119,918 | 0 % | $0.00 | __0__ To __0__ | $0.00 |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. None      Total Due $ $0.00
             Pay    $ __0.00__ /month (Months __1__ to __36__)

Unsecured Creditors:    Pay    $ __100.00__ / month (Months __21__ to __36__)

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

LF-31 (rev. 01/08/10)

Other Provisions Not Included Above:

1. The Debtor has filed a Verified Motion for Referral to LMM with Wachovia Mtg., FSB f/k/a/ World Savings Bank ("Lender"), loan number xxxxx9150, for real property located at 5542 Boynton Place, Boynton Beach, FL 33437. The parties shall timely comply with all requirements of the Order of Referral to LMM and all Administrative Orders/Local Rules regarding LMM. While the LMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, the Debtor has included a post-petition plan payment, absent Court order to the contrary, of no less than 31% of the Debtor's gross monthly income as a good faith adequate protection payment to the Lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the Lender.

   Until the LMM is completed and the Final Report of Loss Mitigation Mediator is filed, any objection to the Lender's Proof of Claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the Proof of Claim only. The Debtor shall assert any and all other objections to the Proof of Claim prior to confirmation of the plan or modified plan.

   If the Debtor, co-obligor/co-borrower or other third party (if applicable) and the Lender agree to a settlement as a result of the pending LMM, the Debtor will file a Motion to Approve Loss Mitigation Agreement with Lender no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the Debtor shall immediately amend or modify the plan to reflect the settlement and the Lender shall amend its Proof of Claim to reflect the settlement, as applicable.

   If a settlement is reached after the plan is confirmed, the Debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement. In the event the Debtor receives any financial benefit from the Lender as part of any agreement, the Debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

   If the Lender and the Debtor fail to reach a settlement, then no later than 14 calendar days after the Mediator's Final Report is filed, the Debtor will amend or modify the plan to (a) conform to the Lender's Proof of Claim (if the Lender has filed a Proof of Claim) or (b) provide that the real property will be surrendered. If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the Lender will be considered "treated outside the plan" and the Lender shall have in rem relief from the automatic stay as to the real property being surrendered. Notwithstanding the foregoing, Lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

   Confirmation of the plan will be without prejudice to the assertion of any rights the Lender has to address payment of its Proof of Claim.

2. Debtor will make direct post-petition payments to secured creditor, The Courtyards at Boynton Place, Sub-Association, Inc., account # XXX9551.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

 /s/ Bonnie Lackey
Debtor
Date:  5/9/14

LF-31 (rev. 01/08/10)